**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANA RUBI BELLANOS REYES,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Case No. 2:26-cv-08348 (BRM)<br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Ana Rubi Bellanos Reyes' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing she is unlawfully detained under 8 U.S.C. § 1225(b). (ECF No. 1.) On July 8, 2026, the Court issued a Text Order finding Petitioner could not be mandatorily detained under 8 U.S.C. § 1225 and ordering Respondents to either release Petitioner, or if Respondents submit that the matter was factually distinguishable from *Suazo Rivera v. Blanche*, No. 26-3892 (BRM) (D.N.J. Apr. 29, 2026) and *Sandhu v. Tsoukaris*, No. 25-14607 (BRM) (D.N.J. Nov. 20, 2025), they were to file an expedited answer to the Petition. (ECF No. 3.) On July 13, 2026, Respondents filed an expedited answer submitting that although Petitioner was initially detained under 8 U.S.C. § 1225(b), Petitioner was subsequently processed for voluntary departure on July 6, 2026. (*See* ECF No. 5.)

On July 6, 2026, Petitioner signed a voluntary departure form and addendum, agreeing to depart on or before October 6, 2026, and to remain detained pending departure. (ECF Nos. 5-3, 5-4.)

Petitioner replied arguing because she was originally detained under Section 1226(b), this matter is not distinguishable from *Suazo Rivera* and *Sandhu*, and she is entitled to release. (ECF No. 6.) Petitioner also challenges the process that was received in Petitioner's signing of the voluntary departure form. (*See id.*)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

On July 6, 2026, Petitioner agreed to voluntary departure. (ECF No. 5-3.) Petitioner also agreed to remain detained pending that departure. (ECF No. 5-5.) Petitioner is now subject to a voluntary departure agreement and therefore is no longer detained under 8 U.S.C. § 1225(b) and is instead detained under the provisions of his voluntary departure. Additionally, § 1252(a)(2)(B) provides in relevant part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). This would include the decision to permit voluntary departure. Accordingly, the Court lacks jurisdiction to review Petitioner's voluntary departure agreement. As such, Petitioner's Petition will be denied without prejudice.

Accordingly, and for good cause appearing,

**IT IS** on this 4th day of September 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** that the restrictions on Respondents transferring Petitioner from New Jersey are lifted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**